IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-94 |
| | ) | UNDER SEAL |
| JUSTIN SEAN JOHNSON | ) | |
| a/k/a TDS | ) | |
| a/k/a DS | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a forty-three count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>Beginning in and around November, 2013, and continuing thereafter until in and around May, 2014 | 18 U.S.C. § 371 |
| 2-38 | Wire Fraud<br>On or about December 1, 2013 to on or about March 21, 2017 | 18 U.S.C. §§ 1343 & 2 |
| 39-43 | Aggravated Identity Theft<br>On or about March 21, 2017 | 18 U.S.C. §§ 1028A(a)(1) & 2 |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed "to defraud the United States," as charged in the Indictment.  "Defraud the United States" means to cheat the United States government or any of its agencies out of money or property.  It also means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

2.      That the defendant was a party to or member of that agreement;

3.      That the defendant joined the agreement or conspiracy knowing of its objective to defraud the United States and intending to join together with at least one other conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve objectives to defraud the United States; and

4.      That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371B.

**B.      As to Counts 2-38:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. §§ 1343 & 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

2.      That the defendant acted with the intent to defraud; and

3.      That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication

in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

**C.      As to Counts 39-43:**

In order for the crime of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant committed a felony violation of a statute listed in 18 U.S.C. § 1028A(c), Wire Fraud in violation of 18 U.S.C. § 1343; and

2.      That the defendant, during and in relation to said felony violation, knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

18 U.S.C. § 1028A(a)(1).

### III. <u>PENALTIES</u>

**A.      As to Count 1:  Conspiracy (18 U.S.C. § 371):**

1.      <u>Individuals</u> - The maximum penalties for individuals are:

(a)      imprisonment of not more than 5 years (18 U.S.C. § 371);

(b)      a fine not more than the greater of;

(1)      $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)     a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)     Any or all of the above.

**B.     As to Counts 2-38:  Wire Fraud (18 U.S.C. §§ 1343 & 2):**

1.     <u>Individuals</u> - The maximum penalties for individuals are:

(a)     imprisonment for not more than twenty (20) years;

(b)     a fine not more than the greater of;

(1)     $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)     a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

(d)     Any or all of the above.

**C.     As to Counts 39-43:  Aggravated Identity Theft  (18 U.S.C. §§ 1028A(a)(1) and 2):**

1.     <u>Individuals</u> - The maximum penalties for individuals are:

(a)     A term of imprisonment of two years to run consecutively with any other term imposed, except as stated in 18 U.S.C. § 1028A(b)(4) (18 U.S.C. § 1028A(a)(1), (b));

(b)     A fine not more than the greater of:

(1)     $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

4

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c) A term of supervised release of not more than one (1) year (18 U.S.C. § 3583);

    (d) Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to all Counts, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable.

    Respectfully submitted,

    SCOTT W. BRADY
    United States Attorney


  By: */s/ Gregory C. Melucci*
    GREGORY C. MELUCCI
    Assistant U.S. Attorney
    PA ID No. 56777