

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

April 9, 2021

Nicola Henry Taylor, Esquire
445 Fort Pitt Boulevard
Fort Pitt Commons, Suite 250
Pittsburgh, PA 15219

      Re:    United States of America v.
                 Justin Sean Johnson
                 <u>Criminal No. 20-94</u>

Dear Ms. Henry Taylor,

This letter sets forth the agreement by which your client, Justin Sean Johnson, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Justin Sean Johnson and the United States Attorney for the Western District of Pennsylvania. This Agreement hereafter does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Justin Sean Johnson will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.    The defendant, Justin Sean Johnson, agrees to the following:

           1.    He will enter pleas of guilty to counts one (1) and thirty-nine (39) of the Indictment at Criminal No. 20-94, charging him with violating 18 U.S.C. § 371 and 1028A(a)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

           2.    He acknowledges his responsibility for the conduct charged in counts two (2) through thirty-eight (38), and forty (40) through forty-three (43) of the Indictment at Criminal No. 20-94, and stipulates that the conduct charged

LIMITED OFFICIAL USE

        in those counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

4. He agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

5. Upon request of the United States, the defendant agrees to provide all information regarding his income, assets and financial status, and that of his household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to him.

6. He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

7. If the Court imposes a fine or restitution as part of a sentence of incarceration, Justin Sean Johnson agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

8. At the time Justin Sean Johnson enters his plea of guilty, he will deposit a special assessment of $200.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

9. Justin Sean Johnson waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

10. Justin Sean Johnson waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

      (a)    If the United States appeals from the sentence, Justin Sean Johnson may take a direct appeal from the sentence.

      (b)    If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Justin Sean Johnson may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B.    In consideration of and entirely contingent upon the provisions of Parts A and C of this Agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1.    After the imposition of sentence, the United States Attorney will move to dismiss Counts two (2) through thirty-eight (38), and counts forty (40) through forty-three (43) of the Indictment at Criminal No. 20-94, without prejudice to their reinstatement if, at any time, the defendant is permitted to withdraw his pleas of guilty. In that event, the defendant waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this Agreement.

2.    The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of the Defendant in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3.    The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

4.    The United States Attorney will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Justin Sean Johnson and the United States Attorney further understand and agree to the following:

1. As to count one (1), the maximum penalty that may be imposed upon Justin Sean Johnson is:

   (a) A sentence of 5 years imprisonment;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than 3 years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100.00; and

   (e) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

2. As to count thirty-nine (39), the maximum penalty that may be imposed upon Justin Sean Johnson is:

   (a) A mandatory minimum sentence of twenty-four (24) months incarceration, which shall be served consecutively to the sentence imposed at count one in accordance with 18 U.S.C. § 1028A(2)(b);

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than one (1) year;

   (d) A special assessment under 18 U.S.C. § 3013 of $100.00; and

   (e) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664.

3. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4. As to Count One, the parties stipulate that the guidelines shall be calculated pursuant to Sections 2T1.1 and 2T1.9, as follows:

   a) that the base offense level is 22, pursuant to USSG 2T4.1(I) *(the tax loss is more than $1.5 million, but not more than $3.5 million dollars)*;

   b) that 2 levels shall be added pursuant to USSG 2T1.1(b)(2) *(sophisticated means)*

   c) that 2 levels shall be added pursuant to USSG 2T1.9(b)(2), *(defendant encouraged others to defeat IRS laws)*;

5. The parties further stipulate that no additional offense characteristics nor adjustments shall apply as to counts one (1) and thirty-nine (39), and that the overall offense level is twenty-six (26) before application of paragraph B.3 of this Agreement.

6. These recommended stipulations are not binding on the Court or the United States Probation Office, and do not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this Agreement is executed.

7. This Agreement does not preclude the government from pursuing any civil or administrative remedies against Justin Sean Johnson or his property.

8. The parties agree that although charges are to be dismissed pursuant to this Agreement, Justin Sean Johnson is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L No. 105-119, § 617 (Nov. 26, 1997 (known as the Hyde Amendment). Justin Sean Johnson waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

9. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the Agreement between Justin Sean Johnson and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

STEPHEN R. KAUFMAN
Acting United States Attorney

I have received this letter from my attorney, Nicola Henry Taylor, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*Justin Sean Johnson*
Justin Sean Johnson

5-20-21
Date

Witnessed by:

*Taylor*
NICOLA HENRY TAYLOR, ESQUIRE
Counsel for Justin Sean Johnson