IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUSTIN SEAN JOHNSON | 2:20-cr-00094-MRH |

## DEFENDANT'S MOTION FOR VARIANCE FROM THE SENTENCING GUIDELINES

AND NOW, comes Defendant, Justin Sean Johnson ("Mr. Johnson"), by and through his attorney, Nicola Henry-Taylor, Esquire, and respectfully moves for a downward variance from the United States Sentencing Guidelines ("Guidelines" or "USSG"). The request for a variance is based on the following factors:

1. The history and characteristics of the defendant; and
2. The need for the sentence imposed to provide just punishment for the offense.

18 U.S.C. § 3553(a). Furthermore, a review of the other sentencing factors which the court must consider strongly suggests that Mr. Johnson should not be sentenced to incarceration in federal prison for 46-57 months for Count 1 as recommended by the Guidelines in addition to the two-year statutory term of imprisonment that must be imposed consecutively for Count 39. Rather, Mr. Johnson should receive a substantially lesser sentence. Mr. Johnson respectfully requests that this Honorable Court impose no sentence of imprisonment on Count 1. In the alternative, if the Court is inclined to impose a sentence on Count 1, Mr. Johnson requests a term of

imprisonment of 6-12 months. This would bring Mr. Johnson's total sentence to 30-36 months incarceration.

I.     **PROCEDURAL BACKGROUND**

On May 20, 2020, a forty-three (43) count indictment was returned by a federal grand jury in the Western District of Pennsylvania charging Mr. Johnson and his conspirators with criminal offenses. Mr. Johnson was charged with one (1) count of Conspiracy to Defraud the United States pursuant to 18 U.S.C. § 371; thirty-seven (37) counts of Fraud by Wire pursuant to 18 U.S.C. § 1343; and five (5) counts of Aggravated Identity Theft pursuant to 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2.

An arrest warrant was issued on May 20, 2020. Mr. Johnson was arrested in the Eastern District of Michigan on June 17, 2020 and ordered to be detained and removed to the Western District of Pennsylvania. He was arraigned on October 9, 2020 and entered a plea of not guilty.

On May 20, 2021, Mr. Johnson changed his plea regarding Counts 1 and 39 of the Indictment, on which date he pled guilty to Conspiracy to Defraud the United States and Aggravated Identity Theft. Mr. Johnson acknowledges responsibility for the conduct charged in the remaining counts.

A Final Presentence Investigation Report was filed with this Honorable Court by the United States Probation Office on September 14, 2021. Mr. Johnson's base level offense was calculated as twenty-four (24), pursuant to USSG §§ 2T1.9 and 2T1.1. The parties stipulated that two (2) levels should be added to the base offense level, pursuant to USSG § 2T1.9(b)(2), bringing Mr. Johnson's adjusted base offense level to twenty-six (26). Mr. Johnson's base level was reduced by three (3) levels because Mr. Johnson demonstrated acceptance of responsibility for the offense, pursuant to USSG § 3E1.1(a), and assisted authorities in the prosecution of his

misconduct by timely notifying authorities of his intention to enter a plea of guilty, pursuant to USSG § 3E1.1(b). Therefore, Mr. Johnson's adjusted offense level is twenty-three (23).

Based on Mr. Johnson's total offense level of twenty-three (23) and his criminal history category of I, the guideline imprisonment range is 46-57 months in Zone D of the Sentencing Table. Pursuant to USSG § 2B1.6, the term of imprisonment required by statute for the violation of 18 U.S.C. § 1028A(a)(1) in Count 39 is two (2) years, which shall be imposed consecutively to Count 1. However, as set forth below, a lesser sentence is authorized and appropriate under the Guidelines and 18 U.S.C. § 3553.

## II.  FACTUAL BACKGROUND

Mr. Johnson will be age thirty (30) at the time of the scheduled sentencing date. He was born in Detroit, Michigan to a single mother, Sheila Johnson-Starks (Ms. Starks). Mr. Johnson never met his father and did not receive child support to aid with his care. Ms. Starks was the primary caregiver of Mr. Johnson, her only child. During his youth, Mr. Johnson and Ms. Starks resided with his maternal grandparents until approximately 1998. Although Mr. Johnson's basic needs were initially met, Ms. Starks suffered from depression and was unable to maintain consistent employment. Once Mr. Johnson began high school, Ms. Starks began to self-isolate and eventually lost her job doing freelance work. During this time, Mr. Johnson recalls that Ms. Starks began "stay[ing] in her room all of the time" and "was barely around;" however, she would occasionally get drunk and retreat to the basement to listen to music. Mr. Johnson describes these occasions as their "best times together" though because he "would hang out with her."

When Mr. Johnson was in high school, Ms. Starks was hospitalized overnight for treatment and observation after telling a friend she was going to kill herself. Mr. Johnson does

not recall his mother following up with mental health treatment or taking the medication prescribed to her to treat her depression after this incident. As Ms. Stark's depression worsened, they were evicted from their residence and remained homeless for several months. Mr. Johnson and Ms. Starks alternated between residing in shelters and staying with family friends.

In 2007 at the age of seventeen (17), Mr. Johnson relocated to A Step Forward, an independent living program in Royal Oak, Michigan. In 2008, Mr. Johnson graduated from high school and left A Step Forward the following year. Mr. Johnson spent the next thirteen (13) years moving around the United States and France. He lived in approximately nine (9) different cities and attended four (4) community colleges during this time but did not complete enough credits to receive a degree. Mr. Johnson primarily relied on student loans for financial support while enrolled in college and also received public assistance benefits including food stamps. During this time, he also worked as a Driver's License Processor, Production Assistant, Freelance Hacker, Computer Technician, and a Reservist for FEMA. For a few months in 2014 and 2019, Mr. Johnson was homeless and drifted around to friends' homes and shelters or lived in his car.

After high school, Mr. Johnson struggled to support himself and did not have the benefit of close familial relationships to support and guide him through this time. Desperate to meet his basic needs, Mr. Johnson turned to hacking computer servers at the University of Pittsburgh Medical Center (UPMC) in 2013 to obtain employees' personally identifiable information (PII). Mr. Johnson was then able to sell this information on the dark web, which resulted in the unlawful filings of an estimated 1,300 false tax returns. The tax refunds claimed on the false income tax returns were requested in the form of Amazon.com gift cards. Fraudsters who filed the false tax returns used the Amazon.com gift cards to place Amazon orders for high-end electronics to be

shipped to Venezuela. Notably, Mr. Johnson did not profit in any meaningful way as a result of his misconduct and only made a few thousand dollars from the sale of PII.

### III. SENTENCING PARADIGM PER *BOOKER* AND 18 U.S.C. § 3553

In *United States v. Booker*, the Supreme Court held that the mandatory manner in which the Guidelines required courts to impose sentencing enhancements based on facts found by the court, violated the Sixth Amendment to the Constitution. 125 S. Ct. 738 (2005); 18 U.S.C. § 3553. The Supreme Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable Guideline range), and 18 U.S.C. § 3742(e) (setting forth appellate standards of review for Guideline issues), thereby making the Guidelines advisory. *Booker* at 756-57. Although the Guidelines are no longer mandatory, a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." *Id.* at 767. After consulting the Guidelines, the court must exercise its discretion by considering the relevant factors pursuant to 18 U.S.C. § 3553(a) in determining the sentence to impose regardless of whether it varies from the sentence calculated under the Guidelines. *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006).

### IV. REQUESTED RELIEF

A downward variance from the Guidelines is warranted under 18 U.S.C. § 3553. The "history and characteristics of the defendant" factor to be considered in imposing a sentence favors Mr. Johnson. Mr. Johnson suffered from years of childhood trauma as the result of his mother's untreated depression. Mr. Johnson rarely had a stable place to call home, nor did he have the parental guidance, love, affection, or care needed for a child to successfully transition into adulthood. Although he is an exceptionally intelligent young man, Mr. Johnson was never equipped with the tools to exist outside of "survival mode." Moreover, Mr. Johnson is a first-

time offender. His misconduct was an act of desperation to provide for himself rather than a life-long pattern of behavior.

The need for the sentence imposed should also be considered by the Court. Mr. Johnson has been incarcerated for sixteen (16) months during the COVID-19 pandemic. Not only has he been severely restricted in the jail due to safety precautions, but he has also been unable to receive counseling for his own depression diagnosed in 2020. Additionally, as a member of the LGBTQIA+ community, Mr. Johnson has been subjected to hostile treatment by other inmates and his safety while incarcerated is a concern.

WHEREFORE, for the above-mentioned reasons, Mr. Johnson respectfully requests this Honorable Court impose a sentence of no more than twenty-four (24) months to satisfy the mandatory term of imprisonment required for Count 39. In the alternative, Mr. Johnson requests this Honorable Court impose a sentence of 6-12 months for Count 1 in addition to the term of imprisonment for Count 39.

Respectfully Submitted,

Dated: October 8, 2021

*/s/ Nicola Henry-Taylor*
Nicola Henry-Taylor, Esq.
Counsel for Defendant
PA ID No. 079226
Henry-Taylor Law, P.C.
Fort Pitt Commons
445 Fort Pitt Blvd.
Suite 250
Pittsburgh, PA 15219
Phone: (412) 275-0220
Fax: (412) 275-0086