IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JUSTIN SEAN JOHNSON** | 2:20-cr-00094-MRH |

### DEFENDANT'S SENTENCING MEMORANDUM

AND NOW, comes Defendant, Justin Sean Johnson, by and through his attorney, Nicola Henry-Taylor, Esquire, filing the within Sentencing Memorandum pursuant to Fed. R. Crim. P., Rule 32(h) and Local Rule 32(i)(1)(D) for this Honorable Court's consideration, and in support thereof, avers as follows:

**I.   INTRODUCTION**

As background, Defendant, Justin Sean Johnson, (hereinafter "Mr. Johnson") will be age thirty (30) at the time of the scheduled sentencing date, October 15, 2021. On May 20, 2020, a forty-three (43) count indictment was returned by a federal grand jury in the Western District of Pennsylvania charging Mr. Johnson and his conspirators with criminal offenses. Mr. Johnson was charged with one (1) count of Conspiracy to Defraud the United States pursuant to 18 U.S.C. § 371; thirty-seven (37) counts of Fraud by Wire pursuant to 18 U.S.C. § 1343; and five (5) counts of Aggravated Identity Theft pursuant to 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2.

Mr. Johnson is a resident of Michigan. As such, an arrest warrant was issued on May 20, 2020, and Mr. Johnson was arrested in the Eastern District of Michigan on June 17, 2020. He was ordered to be detained and removed to the Western District of Pennsylvania. He was arraigned on October 9, 2020 and entered a plea of not guilty.

On May 20, 2021, Mr. Johnson changed his plea regarding Counts 1 and 39 of the Indictment, on which date he pled guilty to Conspiracy to Defraud the United States and Aggravated Identity Theft. Mr. Johnson acknowledges responsibility for the conduct charged in the remaining counts.

A Final Presentence Investigation Report was filed with this Honorable Court by the United States Probation Office on September 14, 2021. Mr. Johnson's base level offense was calculated as twenty-four (24), pursuant to USSG §§ 2T1.9 and 2T1.1. The parties stipulated that two (2) levels should be added to the base offense level, pursuant to USSG § 2T1.9(b)(2), bringing Mr. Johnson's adjusted base offense level to twenty-six (26). Mr. Johnson's base level was reduced by three (3) levels because Mr. Johnson demonstrated acceptance of responsibility for the offense, pursuant to USSG § 3E1.1(a), and assisted authorities in the prosecution of his misconduct by timely notifying authorities of his intention to enter a plea of guilty, pursuant to USSG § 3E1.1(b). Therefore, Mr. Johnson's adjusted offense level is twenty-three (23). Based on Mr. Johnson's total offense level of twenty-three (23) and his criminal history category of I, the guideline imprisonment range is 46-57 months in Zone D of the Sentencing Table. Pursuant to USSG § 2B1.6, the term of imprisonment required by statute for the violation of 18 U.S.C. § 1028A(a)(1) in Count 39 is two (2) years, which shall be imposed consecutively to Count 1.

## II.  SENTENCING CONSIDERATIONS

The Sentencing Guidelines have advisory force but are not mandatory. *U.S. v. Booker*, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (U.S. 2005). Therefore, courts must continue to calculate a defendant's guideline sentence as it normally would before *Booker*. Then, the court must exercise its discretion by considering the relevant factors pursuant to 18 U.S.C. § 3553(a) in determining the sentence to impose regardless of whether it varies from the sentence calculated under the Guidelines. *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006).

**STEP 1: Calculate the Guidelines Range**

Mr. Johnson's base level offense was calculated as twenty-six (26), pursuant to USSG § 2T1.9(b)(2). The Presentence Investigation Report provided Mr. Johnson's base level was reduced by three (3) levels because Mr. Johnson demonstrated acceptance of responsibility for the offense, pursuant to USSG § 3E1.1(a) and USSG § 3E1.1(b). Therefore, Mr. Johnson's adjusted offense level is twenty-three (23). Based on Mr. Johnson's total offense level of twenty-three (23) and a criminal history category of I, the guideline imprisonment range is 46-57 months in Zone D of the Sentencing Table. A statutory two (2) year term of imprisonment shall be imposed consecutively pursuant to USSG § 2B1.6.

**STEP 2: Rule on Departure Motions**

Mr. Johnson does not seek a downward departure from the advisory Guideline range; however, he respectfully requests that an analysis of the factors found in 18 U.S.C. § 3553(a) be conducted.

**STEP 3: Consideration of § 3553(a) Factors**

18 U.S.C. § 3553(a) provides that, in addition to the applicable guideline range and Sentencing Commission policy statements, district courts are required to consider the nature and

circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kind of sentences available; the sentence recommended by the sentencing guidelines; any pertinent policy statement; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of a similar conduct; and the need to provide restitution to the victims of the offense. *Id*.

District courts must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth:

A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

B. to afford adequate deterrence to criminal conduct;

C. to protect the public from further crimes of the defendant; and

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## **Factor 1: Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Mr. Johnson will be age thirty (30) at the time of the scheduled sentencing date. He was born in Detroit, Michigan to a single mother, Sheila Johnson-Starks (Ms. Starks). Mr. Johnson never met his father and did not receive child support to aid with his care. Ms. Starks was the primary caregiver of Mr. Johnson, her only child. During his youth, Mr. Johnson and Ms. Starks resided with his maternal grandparents until approximately 1998. Although Mr. Johnson's basic needs were initially met, Ms. Starks suffered from depression and was unable to maintain consistent employment. Once Mr. Johnson began high school, Ms. Starks began to self-isolate and eventually lost her job doing freelance work. During this time, Mr. Johnson recalls that Ms.

Starks began "stay[ing] in her room all of the time" and "was barely around;" however, she would occasionally get drunk and retreat to the basement to listen to music. Mr. Johnson describes these occasions as their "best times together" though because he "would hang out with her."

When Mr. Johnson was in high school, Ms. Starks was hospitalized overnight for treatment and observation after telling a friend she was going to kill herself. Mr. Johnson does not recall his mother following up with mental health treatment or taking the medication prescribed to her to treat her depression after this incident. As Ms. Stark's depression worsened, they were evicted from their residence and remained homeless for several months. Mr. Johnson and Ms. Starks alternated between residing in shelters and staying with family friends.

In 2007 at the age of seventeen (17), Mr. Johnson relocated to A Step Forward, an independent living program in Royal Oak, Michigan. In 2008, Mr. Johnson graduated from high school and left A Step Forward the following year. Mr. Johnson spent the next thirteen (13) years moving around the United States and France. He lived in approximately nine (9) different cities and attended four (4) community colleges during this time but did not complete enough credits to receive a degree. Mr. Johnson primarily relied on student loans for financial support while enrolled in college and also received public assistance benefits including food stamps. During this time, he also worked as a Driver's License Processor, Production Assistant, Freelance Hacker, Computer Technician, and a Reservist for FEMA. For a few months in 2014 and 2019, Mr. Johnson was homeless and drifted around to friends' homes and shelters or lived in his car.

After high school, Mr. Johnson struggled to support himself and did not have the benefit of close familial relationships to guide him through this time. Desperate to meet his basic needs, Mr. Johnson turned to hacking computer servers at the University of Pittsburgh Medical Center

(UPMC) in 2013 to obtain employees' personally identifiable information (PII). Mr. Johnson was then able to sell this information on the dark web, which resulted in the unlawful filings of an estimated 1,300 false tax returns. The tax refunds claimed on the false income tax returns were requested in the form of Amazon.com gift cards. Fraudsters who filed the false tax returns used the Amazon.com gift cards to place Amazon orders for high-end electronics to be shipped to Venezuela. Notably, Mr. Johnson did not profit in any meaningful way as a result of his misconduct and only made a few thousand dollars from the sale of PII.

**Factor 2: The Need for the Sentence Imposed**

In this case, a sentence of twenty-four (24) months satisfies the interest of justice and the goals set forth in 18 U.S.C. § 3553(a)(2). This sentence reflects the seriousness of the offense, promotes respect for the law, and provides a just punishment. Mr. Johnson has expressed sincere remorse and accepted responsibility for his actions. He has been incarcerated for approximately sixteen (16) months waiting for the adjudication of his case. Despite the challenges many inmates have faced during the COVID-19 pandemic, Mr. Johnson has not received any disciplinary reports during his incarceration. COVID-19 has resulted in more restrictive conditions however, and Mr. Johnson has been unable to receive mental health counseling for his depression. Additionally, as a member of the LGBTQIA+ community, Mr. Johnson has been subjected to hostile treatment by other inmates and his safety while incarcerated is a concern.

**Factor 3: The Kind of Sentence Available.**

The maximum term of imprisonment is five (5) years for Count 1 under 18 U.S.C. § 371. The term of imprisonment for Count 39 is two (2) years under 18 U.S.C. § 1028A(a)(1). The term of imprisonment on Count 39 must be imposed consecutively to Count 1. The Court may impose a term of supervised release of not more than three (3) years for Count 1. 18 U.S.C. §

3583(b)(2). The Court may impose a term of supervised release of not more than (1) year for Count 39. 18 U.S.C. § 3583(b)(3). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e). Mr. Johnson is ineligible for probation because it is expressly precluded by 18 U.S.C. § 3561(a)(2).

**Factor 4: The Applicable Guidelines Range:**

Based upon a total offense level of twenty-three (23) and a criminal history category of I, the guideline imprisonment range is 46-57 months for Count 1 and 24 months for Count 39. Count 1 is a Class D Felony; therefore, the guideline range for a term of supervised release is one (1) year to three (3) years. USSG § 5D1.2(a)(2). Count 39 is a Class E Felony; therefore, the guideline range for a term of supervised release is one (1) year. USSG § 5D1.2(a)(3). Mr. Johnson is ineligible for probation because probation is expressly precluded under USSG § 5B1.1(b)(2). Mr. Johnson respectfully requests a sentence of imprisonment for twenty-four (24) months.

**Factor 5: Any Pertinent Policy Statement:**

This factor is irrelevant in this case.

**Factor 6: The Need to Avoid Unwarranted Disparities:**

Mr. Johnson reserves the right to take a position regarding this factor at a later date.

**Factor 7: Need to Provide Restitution:**

Pursuant to 18 U.S.C. § 3663A, restitution is mandatory. To date, the Probation Office has not received any Victim Impact Statements from the victims requesting specified amounts of restitution.

WHEREFORE, for the above-mentioned reasons, Mr. Johnson respectfully requests this Honorable Court impose a sentence of no more than twenty-four (24) months to satisfy the mandatory term of imprisonment required for Count 39. In the alternative, Mr. Johnson requests

this Honorable Court impose a sentence of 6-12 months for Count 1 in addition to the term of imprisonment for Count 39. Additionally, Mr. Johnson requests a recommendation that there be credit for time served and that Federal Benefits would not be precluded. As it relates to a drug and alcohol assessment, Mr. Johnson has no indication in his past that there are any substance abuse issues. As such, undersigned counsel submits to the court that the requirement is unwarranted in the instant case.

                                  Respectfully Submitted,

Dated: October 8, 2021                      */s/ Nicola Henry-Taylor*
                                         Nicola Henry-Taylor, Esq.
                                         Counsel for Defendant
                                         PA ID No. 079226
                                         Henry-Taylor Law, P.C.
                                         Fort Pitt Commons
                                         445 Fort Pitt Blvd.
                                         Suite 250
                                         Pittsburgh, PA 15219
                                         Phone: (412) 275-0220
                                         Fax: (412) 275-0086