1546
#7
No fee/IFP
related crim cases
2:20-cr-94

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

2:22-cv-1496

| United States District Court | District Western Dist. of Pennsylvania |
|---|---|
| Name (under which you were convicted): Justin Sean Johnson | Docket or Case No.: 2:20-CR-94 |
| Place of Confinement: FCI Loretto Satellite Camp, Loretto, PA | Prisoner No.: 58290-039 |
| UNITED STATES OF AMERICA V. | Movant (include name under which convicted) Justin Sean Johnson |

RECEIVED

FILED
OCT 25, 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court for the Western District of Pennsylvania, Pittsburgh, PA

(b) Criminal docket or case number (if you know): 2:20-CR-94

2. (a) Date of the judgment of conviction (if you know): October 15, 2021

(b) Date of sentencing: October 15, 2021

3. Length of sentence: 84 months imprisonment, 36 months supervised release

4. Nature of crime (all counts):

18 USC 371, Conspiracy to Defraud the United States (1)
18 USC Wire Fraud (2-38)
18 USC 1028A, Aggravated Identity Theft (39-43)

5. (a) What was your plea? (Check one)
(1) Not guilty [ ] (2) Guilty [X] (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

Guilty: Counts 1, 39; Not Guilty: 2-38, 40-43

6. If you went to trial, what kind of trial did you have? (Check one) Jury [ ] Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes [X] No [ ]

8. Did you appeal from the judgment of conviction? Yes [ ] No [X]

9. If you did appeal, answer the following:
   (a) Name of court: ____________________
   (b) Docket or case number (if you know): ____________________
   (c) Result: ____________________
   (d) Date of result (if you know): ____________________
   (e) Citation to the case (if you know): ____________________
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [ ]
   If "Yes," answer the following:
   (1) Docket or case number (if you know): ____________________
   (2) Result: ____________________
   (3) Date of result (if you know): ____________________
   (4) Citation to the case (if you know): ____________________
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ] No [X]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: ____________________
    (2) Docket or case number (if you know): ____________________
    (3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ______________________

(5) Grounds raised:

______________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______________________

(2) Docket of case number (if you know): ______________________

(3) Date of filing (if you know): ______________________

(4) Nature of the proceeding: ______________________

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

______________________

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Counsel's failure to seek a USSG §3B1.2 adjustment as ineffective assistance of counsel - US Const. Amdt. VI

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A. Defense counsel did not move for a mitigating role adjustment under USSG §3B1.2 despite it being plausibly available. Defense counsel had knowledge that the Defendant did not know the participants of the conspiracy, that the Defendant did not plan or organize anything in relation to the activities of the conspiracy, that the Defendant had no decision-making authority within the conspiracy, and that the extent of the Defendant's participation in the charged conspiracy was limited and certainly no more than a buyer-seller arrangement, and that the Defendant had no pecuinary interest in the ultimate success or failure of the conspiracy.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Counsel's lack of familiarity with the Sentencing Guidelines as ineffective assistance of counsel - US Const Amdt VI

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A. Defense counsel demonstrated a lack of familiarity with the Sentencing Guidelines at multiple stages of the case.
B. During plea negotiations, defense counsel recommended accepting a plea to Count 1 that calculated an offense level under USSG §2B2.1. USSG §1B1.2 compels a different Guideline. Had Defendant not pointed this out, an incorrect Guideline may have been used.
C. During sentencing, defense counsel requested in the sentencing memorandum and at the sentencing hearing a recommendation that Federal benefits not be denied. USSG §5F1.6 says that such denials are only applicable to "individuals convicted of distribution or possession of a controlled substance" and obviously inapplicable here.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

GROUND TWO CONTINUATION PAGE

(a) Supporting facts:

D. During sentencing, the United States argued that the Guidelines applicable in this case did not take into account certain factors and thus an upward departure was appropriate. Defense counsel's response to that was insubstantial -- amounting to little more than blame Congress.

E. The supporting facts of Ground One are hereby incorporated by reference.

(2) If you did not raise this issue in your direct appeal, explain why:

______________________________________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [X]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________

Name and location of the court where the motion or petition was filed:

______________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______________________________________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______________________________________________

AO 243 (Rev. 09/17)

**GROUND THREE:** Counsel's performance during sentencing stage as ineffective assistance of counsel - US Const. Amdt. VI

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A. Defense counsel failed to notify Defendant that she would not meet the administrative resolution deadline for review and objections to the PSR. Defense counsel visited Defendant and expressed surprise that Defendant already had a copy of the draft PSR, despite Fed. Crim. R. 32(e)(2)'s requirement that it be sent to the Defendant. Counsel's explanation for her lack of communication was that she went on vacation and the office staff failed to relay to the Defendant that the deadline had been extended.

(continued)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

GROUND THREE CONTINUATION PAGE

(a) Supporting facts:

B. The PSR noted that Butler County Prison had failed to return releases authorizing third-parties to provide records and information to the Probation Office. Defendant pointed this out to defense counsel who indicated they were overworked and understaffed and probably weren't going to contact anyone anyways.

C. The United States made extensive reference to what it termed an "epitaph". Defendant advised defense counsel that the document was not related to this case and an examination of the creation date would show that. Defense counsel conveyed this to the Probation Office during administrative resolution but stopped short of filing a formal objection.

D. Defense counsel failed to provide to Defendant the USA's Position with Respect to Sentencing Factors (ECF 41) prior to sentencing. Indeed, Defendant did not know this document even existed until the Clerk of the Court sent a copy of the case docket sheet in August 2022.

E. Defendant advised defense counsel that the contention contained in the United States' sentencing memorandum, that Defendant had been fired for improperly accessing a computer was false. Defense counsel failed to dispute it at sentencing, despite it being obviously relevant to the 18 USC §3553(a) factors.

F. The supporting facts of Ground One are hereby incorporated by reference.

G. The supporting facts of Ground Two contained in its respective paragraphs C and D are hereby incorporated by reference.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Sentencing was fundamentally unfair so as to be a denial of the right to due process - US Const. Amdt. V

(a) Supporting facts (Do not argue or cite law: Just state the specific facts that support your claim.):

A. The United States' contention in its sentencing memo that the Defendant was terminated for improperly accessing a computer was false.

B. The United States' contention during the sentencing hearing that the Defendant was a "domestic terrorist" was manifestly improper.

C. The United States' frequent reference to what it dubbed an "epitaph" misrepresented the facts as the document was created well before the offenses in this case and thus could not be referring to them.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

GROUND FOUR CONTINUATION PAGE

(a) Supporting facts:

D. The Court's expression that the Defendant could have found employment if he wanted to is unsupported by the record and internally inconsistent with its imposition of vocational rehabilitation as a condition of supervised release.

E. The Court's expression that the Defendant was "cold and calculating" is unsupported by the record and internally inconsistent with its later expression that the Defendant acted "indiscriminately".

GROUND FIVE: Failure to explore and present viable defenses as ineffective assistance - US Const. Amdt. VI

(a) Supporting facts:

A. The charge in Count 1 of the indictment is untimely within the "default" statute of limitation at 18 USC §3282 on its face. Counsel never reported exploring if a statute of limitation defense was viable. If it was, the Defendant may not have pleaded guilty.
B. The charge in Count 1 establishes nothing more than a buyer-seller relationship. Counsel never discussed if the allegations in the indictment were sufficient to state an offense or if a buyer-seller relationship was a viable defense. If counsel had done so, Defendant may not have pleaded guilty.

(b) No direct appeals were taken.

(c) This issue was NOT previously raised post-conviction.

GROUND SIX: Failure to consult regarding appeal as ineffective assistance of counsel - US Const. Amdt. VI

(a) Supporting facts:

A. Counsel failed to consult Defendant regarding the viability of an appeal. Considering the upward variance, the Court's lack of explanation as to why a sentence within the Guidelines was inappropriate, the Court's non-engagement with defense counsel's sentencing presentation, and the representations made by the United States that ranged from improper to flat out false, the Defendant would have appealed.

(b) No direct appeals were taken.

(c) This issue was NOT previously raised post-conviction.

GROUND SEVEN: Performance during post-conviction stage as ineffective assistance - US Const. Amdt. VI

(a) Supporting facts:

A. Defense counsel stipulated to the amount of restitution without the consent of the Defendant. During the one (and only) post-sentencing conversation with defense counsel, Defendant stated that he was without knowledge to agree or disagree with the restitution amount claimed by the United States. Defendant further stated that the Court had the discretion to apportion the restitution liability among participants pursuant to 18 USC §3664(h). Counsel said she would look into it. The next communication received from counsel was a letter indicating her office was closing, she was withdrrawing as counsel, and the stipulation filed at ECF 59.

(b) No direct appeals were taken.

(c) This issue was NOT previously raised post-conviction.

GROUND EIGHT: Denial of assistance of counsel post-conviction - US Const. Amdt. VI

(a) Supporting facts:

A. The Court entered a restitution order without hearing, without notice (either before or even after entry) and without appointing new counsel subsequent to the withdrawal of original defense counsel.

(b) No direct appeals were taken.

(c) This issue was NOT previously raised post-conviction.

Type of motion or petition: ______________________

Name and location of the court where the motion or petition was filed:

______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available):

______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds have previously been presented to any federal court because no appeals were taken and the nature of the issues are more amenable to collateral review.

______________________

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [ ] No [X]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

Nicola Henry-Taylor, 445 Fort Pitt Blvd., Pittsburgh, PA 15219

(c) At the trial:

(d) At sentencing:

Nicola Henry-Taylor, 445 Fort Pitt Blvd., Pittsburgh, PA 15219

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [X] No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

(see continuation page)

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 19th October 2022.
(month, date, year)

Executed (signed) on 19th October 2022 (date)

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

REMEDY REQUESTED

GROUND ONE: That the Court determine if an adjustment under USSG §3B1.2 is warranted.
If the Court finds it is, Defendant asks the Court to vacate the sentence imposed on Count 1.
If the Court determines that an adjustment is warranted but precluded by the plea agreement, the Defendant requests the Court vacate the convictions on Counts 1 and 39 and set aside the guilty plea to each count as not knowing and inteligently entered.

GROUND TWO: That the Court vacate the sentence imposed on Count 1.

GROUND THREE: That the Court vacate the sentence imposed on Count 1.

GROUND FOUR: That the Court vacate the sentence imposed on Count 1.

GROUND FIVE: That the Court vacate the convictions on Counts 1 and 39 and set aside the guilty pleas as not knowing and intelligently entered.

GROUND SIX: That the Court re-enter its judgment, so as to allow an opportunity to appeal.

GROUND SEVEN: That the Court vacate its restitution judgment and hold a restitution hearing.

GROUND EIGHT: That the Court vacate its restitution judgment and hold a restitution hearing.

Clerk of the Court
United States District Court for the Western District of Pennsylvania, Pittsburgh Division
700 Grant St., Room 3110
Pittsburgh, PA 15219

19 October 2022

Mister/Madam Clerk:

Please find enclosed a Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody for filing in Case No. 2:20-CR-94.

Cordially,

Justin S. Johnson, #58290-039
FCI Loretto Satellite Camp
P.O. Box 1000
Cresson, PA 16630