UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

United States of America                    Case No. 2:20-CR-94
    Plaintiff                                    FILED

        v.
                                                DEC 20 2022
Justin Sean Johnson
    Defendant                                CLERK U.S. DISTRICT COURT
                                             WEST. DIST. OF PENNSYLVANIA
                    Defendant's Reply to
    United States' Response to Defendant's Motion to Vacate

1. Introduction

    In its response to the Defendant's Motion to Vacate, the

Government offers a litany of reasons that the motion should be

denied. However, for reasons ranging from legal dubiousness to

failing to grasp the facts or the issue at hand, almost all of

the arguments miss the mark.

2. Restitution Challenges

    The Defendant agrees that the Government-cited authority

demonstrates that challenges to restitution are not cognizable in

§ 2255 proceedings.

3. Waiver

    To the extent the Government seeks dismissal of what it

refers to as "Ground 3(B)", the Defendant notes that "Ground

3(B)" is not an independent ground of any kind. It is a fact

supporting Ground Three as a whole. But even if it were an

independent ground, it would not be precluded by the waiver to

the extent that it alleges ineffective assistance of counsel.

    As to Ground Four, the Government dismisses the impact of a

3 month upward variance, describing its gravity as "minimal".

That argument rings hypocritical. It obviously wasn't "minimal"

1

to the Government, who asked for it. More importantly, that argument does not square with precedent (see Glover v. United States, 531 U.S. 198 at 203 (2001) (holding that "any amount of actual jail time" has "significance")).

A plea agreement is, at its core, a contract. Like all contracts, there is an implied obligation of good faith and fair dealing (United States v. Hawkins, 274 F.3d 420 at 430-31 (6th Cir. 2001)). If the Government makes untrue assertions or invites the fact-finder to make unsupported inferences, it should not be allowed to hide behind a waiver when they are challenged.

The Government has noted the "miscarriage of justice" exception to enforcement of a waiver. The Third Circuit (among others) has held that when a sentence is based on "unreliable" information, due process requires resentencing (Moore v. United States, 571 F.2d 179, (3d Cir. 1978)). Reliance on baseless assumptions has also been held to violate due process (United States v. Lemon, 723 F.2d 922 (D.C. Cir. 1983)). Certainly a sentence imposed in a manner that violates the constitutional right to due process meets the "miscarriage of justice" bar (see United States v. Griffiths, 504 Fed. Appx. 122 at 126 (3d Cir. 2012) (non-precedential)).

## 4. Procedural Default

The Government went into a detailed argument on procedural default, and claimed all claims have been "doubly" defaulted. Yet the Government failed to acknowledge a critical holding (perhaps because it forecloses their argument against the majority of claims): Ineffective assistance of counsel claims may be brought

2

in collateral proceedings under § 2255 regardless of if they could have been raised on direct appeal (Massaro v. United States, 538 U.S. 500 (2003)). After Massaro, procedural default plainly doesn't apply to the ineffective assistance of counsel claims here. Therefore any procedural default assertion regarding the remaining cognizable claims can only be leveled at Ground Four.

As to Ground Four, Ground Six, if proven, provides the cause and prejudice toward which the Government seems to be willfully blind.

## 5. Merits

As a preliminary matter, Defendant notes that the Court's Order of October 28, 2022 indicated that the United States was to "address the issues of timeliness, and any procedural or jurisdictional matters only". (ECF No. 64)(emphasis added) Despite this clear directive, the Government dove into the merits anyways. In light of this, the Defendant requests the Court not consider the arguments raised in Part VII of the Government's response to the extent they exceed the scope of the original Order of the Court.

However, to avoid any later assertions of waiver, forfeiture, or any other adverse claims, the Defendant will briefly reply to the Government's arguments.[1]

## A. General

Before addressing each ground in turn, the Defendant observes that the Government mentioned several times that the Defendant hasn't "proven" anything; however, at this stage of the

3

proceeding, a movant need not prove anything to warrant a hearing (United States v. Arrington, 13 F.4th 331 at 335 (3d Cir. 2021)). Indeed, the Court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" (28 U.S.C. § 2255(b)). The Government in its reply offers a lot of "beliefs", "expectations", but in large part fails to point to items which are in the record to support its assertions.

## B. Ground One (IAC - minor role adjustment)

USSG § 3B1.2 gives multiple reasons why an adjustment was feasible (those include Application Note 3(A) and 3(C)).

## C. Ground Two (IAC - sentencing guidelines)

A search of LexisNexis shows that now-Judge Henry-Taylor has been handling cases in the Western District of Pennsylvania since at least 2013. 42 cases in nearly 10 years cannot stand to establish familiarity under the applicable standards.[2]

Put simply, the Government at sentencing made a Guidelines-linked argument as to why an upward variance was warranted. Defense counsel failed to make a substantive reply. The Defendant is of the opinion that a substantive reply was possible and that an attorney who was sufficiently familiar with the Guidelines would have made an argument.

## D. Ground Three (IAC - sentencing performance)

The Defendant reasserts his position that the Government can't peel away facts and argue them piecemeal instead of in their larger context.

The Government offers its "confidence" which amounts to

4

"someone told us, so it must be true", and goes as far as to bring up obstruction of justice if the Defendant dared challenge the Government's assertion. While the Government is secure in its interviews, the Defendant is aware of contemporaneous evidence made around the time of his resignation that could have been used to dispute and undermine said "confidence".

## E. Ground Four (due process - sentencing)

While the Defendant was originally operating under the belief that the "domestic terrorist" reference was closer to an improper personal opinion rather than the opinion of the United States, it is now clear that the Government would rather double down and seek to offer a post hoc justification instead of admitting the ridiculousness of the statement.

The Government's contention of an intent to intimidate is both new and seemingly contradicted by its response to the § 2255 motion. In its first sentence no less, the Government says: "Defendant Johnson pleaded guilty to [...] stealing the sensitive information of approximately 200,000 people, in order to profit [...]". It also pointed at the PSR which indicated the Defendant had a goal of being "rich by the end of the year".

It is also telling that the Government's response relies on what it is "reasonable to believe". After all, the "widespread computer system shutdowns and employee hospital absenteeism that could endanger patient lives" are certainly capable of observation. If they happened, then there should be evidence of that and the beliefs of a reasonable person should be irrelevant.

It's plain what the truth is: the Defendant's conduct simply

5

doesn't meet the elements of domestic terrorism defined in 18 U.S.C § 2331(5)(A) or (B). To seriously contend otherwise is nothing less than prosecutorial misconduct. Further, in light of the increase in mass shootings and actual acts of domestic terrorism, its contention is patently offensive to victims of those atrocities. The Defendant is of the belief that this is exactly the kind of "foul blow" the Supreme Court was referring to in Berger v. United States (295 U.S. 78 at 88) (1935)).

## 6. Ground Five (IAC - defenses)

The Government, in a footnote, stated that the Defendant "inaccurately cites" the 5-year statute of limitations in 18 U.S.C. § 3282. The Defendant believes that the limitations period in 26 U.S.C. § 6531(1) is not applicable to 18 U.S.C. § 371 defraud clause prosecutions because it is not one of the "various offenses arising under the internal revenue laws" and thus outside the scope of 26 U.S.C. § 6531. The Defendant also observes that the case number provided by the Government explaining the effect of an order under 18 U.S.C. 3292 begins with a "20" prefix, suggesting it was applied for in 2020. The Defendant does not believe a § 3292 order can revive an already expired statute of limitation.

The Defendant also believes that the Count 1 of the Indictment expresses multiple conspiracies instead of a single conspiracy. Had the scope of the conspiracy been properly defined, the "conspiracy" would have shown nothing more than a buyer-seller arrangement.

The Government asserts that prejudice cannot be shown

6

because the other counts of the Indictment would have resulted in a longer potential maximum sentence. This is not true in part because a plea to two (or even three) counts of Aggravated Identity Theft would not have resulted in a longer maximum sentence[3]. Further, other counts may have grouped together. Thus, even if the maximum sentence may have been longer, it does not necessarily follow that the guideline sentencing range would have changed -- and the guideline range remains the "starting point and initial benchmark" (Gall v. United States, 552 U.S. 38 at 49 (2007)).

## G. Ground Six (IAC - failure to consult regarding appeal)

Citing "Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)", the Government asserts, in part, that an attorney doesn't have an affirmative duty to consult about an appeal unless there are "obvious grounds for appeal". The Supreme Court didn't say that anywhere in Flores-Ortega. What it did say at the pinpoint citation provided by the Government is a duty exists if there is "reason to think" that "a rational defendant would want to appeal".

The Government's argument that no prejudice "is known"[4] because any appeal would have been dismissed in light of the appeal waiver is foreclosed by both Flores-Ortega and Garza v. Idaho (139 S. Ct. 738, 203 L. Ed. 2d 77, 2019 U.S. LEXIS 1596 (2019)) which together say that prejudice is presumed when counsel fails in their duty to consult and forfeits an entire appellate proceeding that would have occured but for that failure.

     The argument that the Defendant failed to ask for an appeal
is a red herring considering the ineffectiveness as alleged stems
from counsel's failure to consult regarding an appeal at all.

## H. Grounds Seven and Eight (restitution)

     Though the Defendant agreed earlier that these grounds were
not cognizable in this proceeding, the Defendant replies
primarily because the Government struggles with accurately
presenting the issues.

     The Defendant notes that Ground Eight does not allege that
the Defendant had no notice of restitution being an issue. It
alleges that the Court entered an amended judgement without the
Defendant having counsel, without providing notice of its intent
to an uncounseled defendant, and without providing notice that it
subsequently did enter an amended judgment. In fact, the
Defendant has never received from the Court or counsel ANY copy
of the Judgment in a Criminal Case in the matter, amended or
otherwise.

     While the stipulation the Government refers to may have been
entered one month before counsel's withdrawal, that doesn't
establish the Defendant knew about it. Indeed, the Defendant was
not told about it until after counsel withdrew.

## 6. Conclusion

     The bar to require an evidentiary hearing in § 2255
proceedings is not a high one (United States v. Lilly, 536 F.3d
190 at 195 (3d Cir. 2008)). The motion, though sparse through
lack of documentation at hand, clears that bar with room to
spare. The Defendant believes that further discovery is warranted

and would fill in many of the missing details.

Therefore, for the foregoing reasons, the Defendant asks the Court to disregard Part VII of the Government's response and decline to deny or dismiss Grounds One through Six of the Motion to Vacate.

Respectfully submitted,

*[signature]*

Justin S. Johnson

Endnotes

1. This limited reply is not intended to express all of the facts or legal theories the Defendant relies on.

2. This is not to say that someone with 42 cases could not be familiar with the Guidelines, merely that 42 cases in 10 ye=rs alone is insufficient to establish a presumption of familiarity.

3. No implication is intended that the Government would have offered such a plea, just that a lower maximum sentence was theoretically possible, despite the Government's contention otherwise.

4. The use of the curious phrasing "no prejudice is known" and the accurate presentation of the second prong of the test outlined in Flores-Ortega, raises a question in the mind of the Defendant as to whether the Government's misrepresentation of the holding in Flores-Ortega was knowing and intentional, and not merely negligent.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

United States of America                    Case No. 2:20-CR-94
     Plaintiff

          v.

Justin Sean Johnson
     Defendant

## Certificate of Mailing

On December 16, 2022, I tendered to prison authorities an
envelope for mailing with sufficient prepaid USPS first class
postage affixed thereto, in accordance with the institution's
system for sending legal mail, addressed to the Pa W Dist Us
District Court, 700 Grant St, Room 3110, Pittsburgh, PA 15219,
said envelope containing the following documents:

     * Defendant's Reply to the United States' Response to
     Defendant's Motion to Vacate

     * Motion to Proceed in forma pauperis (including an
     Attachment A and Exhibit 1)

     * Defendant's Motion for Production of Documents and
     Transcripts at Expense of the United States

     * Defendant's Motion for Discovery (including an Attachment
     A)

I declare under the penalty of perjury that the foregoing is true
and correct. Executed on December 16, 2022.

Respectfully submitted,

Justin S. Johnson