UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

United States of America                          Case No. 2:20-CR-94
        Plaintiff

        v.                                        FILED

Justin Sean Johnson
        Defendant                                 DEC 20 2022

                Defendant's Motion for Discovery      CLERK U.S DISTRICT COURT
                                                   WEST Dist Of PENNSYLVANIA
1. Introduction

        The Defendant moves this Court to authorize the Defendant to
conduct discovery, pursuant to Rule 6 of the Rules Governing §
2255 Proceedings.

2. Authority

        Under R. Governing § 2255 Proc. 6, discovery may be
authorized for "good cause". The rule also requires the party
"provide reasons for the request" and "specify any requested
documents".

        The right to discovery in a § 2255 case depends on whether
the defendant can provide "reason to believe that [he] may, if the
facts are fully developed, be able to demonstrate that he is
entitled to relief" (In re Platts, 573 Fed. Appx. 87 (3d Cir.
2014) (non-precedential) quoting Bracy v. Gramley, 520 U.S. 899 at
908-909 (1977)).

3. Documents Requested

        The Defendant submits as Attachment A the proposed requests
for production directed at the United States. The request numbers
specified herein correspond with the numbers on that request.

A. Request 1 (PowerPoint)

        The Government developed a PowerPoint presentation which was

1

shown to defense counsel. One of the slides of that presentation was a chart showing how various individuals were connected to the Defendant in relation to the various offenses charged in the indictment.

The Defendant believes that this document would provide support for the allegations in Ground Five of the Defendant's Motion to Vacate in that, after having seen it, it was profesionally unreasonable to neither inform the Defendant that Count 1 of the Indictment was potentially duplicitous through charging multiple conspiracies in one count or otherwise attempt to clarify the scope of the conspiracy before recommending a guilty plea.

## B. Request 2 (co-worker interviews)

In its sentencing memorandum, the Government stated that the Defendant was fired for misconduct involving improper access of hard drives. The Government stood by that statement in its response saying that "previous interviews of Johnson's co-workers permit the government to confidently submit that he was fired for reasons that included him improperly accessing computer hard drives [...]" (ECF No. 70 at 14).

The Defendant is seeking docuiments relating to those interviews, as well as any other documents the Government is relying on to support its assertion.

The Defendant remains steadfast in his denial of the Government's contention. To challenge these statements, the Defendant must know who said exactly what.

## C. Requests 3-5 (on domestic terrorism)

During sentencing, Assistant United States Attorney Gregory Melucci made (arguably improper) comments that the Defendant was a "domestic terrorist". In its response to the Defendant's motion to vacate, the Government stated[1]:

> It appears reasonable to believe that Johnson's actions caused both widespread computer system shutdowns and hospital employee absenteeism that could endanger patients' lives. It also appears reasonable to believe that Johnson intended to intimdate his victims. This fulfills the legal definition of "domestic terrorism" contained in 18 U.S.C. § 2331(5). (ECF No. 70 at 15)

The Government, seemingly having ratified what the Defendant thought was a personal opinion, did so through offerings of what it was "reasonable to believe". The Defendant therefore seeks documents that would demonstrate there exists a factual basis for the Government's attempts at justifying the statement.

## C. Request 6 (statute of limitations)

It is clear from the Government's response that we are of differing minds as to the applicable statute of limitation. The Government mentioned the existence of an order pursuant to 18 U.S.C. § 3292 that it claimed suspended any applicable statute of limitations (ECF No. 70 at 9 fn. 1). Request number 6 asks for the production of the order and application the Government referred to, as well as other material supporting that application and order.

## D. Requests 7-9 (preparer ID number)

The Government suggested that Paragraph 26 of the PSR shows that the Defendant acquired a tax preparer ID number to be used by the purchasers of stolen PII to create fictitious tax returns (ECF No. 70 at 13).

The Defendant is not aware of ever having such an intent. While the Defendant did have an assigned PTIN as the PSR states, that is different than having an intent to misuse it. Therefore, the Defendant seeks to discover if there is a basis for the Government's contention and if that its assertion reflects a thorough investigation into the facts. The Defendant believes that the application is unconnected with this case and that fact should have been obvious by its date of creation.

E. Request 10

As with other things, the Defendant believes that the Government failed to conduct a sufficiently thorough investigation or was recklessly indifferent and introduced items and statements as "evidence" of things when it knew or should have known that they were temporally disconnected from the case. The so called "epitaph" is one of them. The Defendant believes that this document was created long before any of the events alleged in the indictment and that fact should have been obvious. The Defendant therefore requests the metadata of that document, showing its date of creation and modification.

4. Conclusion

For the foregoing reasons, the Defendant requests the Court grant this motion and authorize the Defendant to conduct discovery and order the United States to produce documents and records, as specified in Attachment A.


Respectfully submitted,

4

Justin S. Johnson

Endnotes

1. The AUSA who filed the Government's response is not the same as
   the AUSA who argued at sentencing. However, the new AUSA
   represented the Government reviewed the motion, obtained the
   necessary documents and information, and researched the legal
   issues involved (ECF No. 67 at 1).